IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,633-01






EX PARTE MICHAEL WAYNE GAITHER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 9797 IN THE 132ND DISTRICT COURT


FROM SCURRY COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to ten years' imprisonment. His sentence was ordered to
run consecutively with his sentence in cause number 8777 from Scurry County. He did not appeal
his conviction.

 Applicant contends that trial counsel advised him that his sentence would run concurrently.
He also contends that trial counsel failed to object when his sentence was ordered to run
consecutively. 

 The trial court made findings of fact and conclusions of law and determined, among other
things, that Applicant had abused the writ process and filed a frivolous application. It recommended
that we deny relief. We agree that Applicant's claims are without merit and should be denied. 
Before disposing of this application, however, we believe that the trial court should determine
whether Applicant has made perjurious statements in his application.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
statements in this application are perjurious. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 23, 2012

Do not publish